IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WILLIAM WATSON**                                                                 **PLAINTIFF**

**V.**                                   **CAUSE NO. 3:12-CV-00295-CWR-FKB**

**EARTHBOUND HOLDING, LLC, D/B/A**
**EARTHBOUND TRADING COMPANY,**                                 **DEFENDANTS**
**AND JOHN DOES 1-5**

## MEMORANDUM OPINION AND ORDER

The Federal Rules of Civil Procedure are not mere suggestions, but neither do they exist for their own sakes. Their core purpose is to facilitate the administration of justice.[1] In this case, venue does not lie with this Court, and because of that mistake, Rule 12 of the Federal Rules of Civil Procedure permits the Court to dismiss this case. But ultimately, justice is better served by declining to dismiss the case, and this Court hereby exercises its broad discretion[2] and transfers this action to the Northern District of Alabama for further proceedings.

William Watson is a resident of Lauderdale County, Mississippi, and from 2006 to 2011, he worked for Earthbound Holding, LLC.[3] While working at a store owned by the company in Florence, Alabama, he was fired,[4] and he brought suit in the Southern District of Mississippi for race discrimination under Title VII.

---

[1] *See* Fed. R. Civ. P. 1.

[2] *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

[3] Plaintiff's Response to Motion to Dismiss for Improper Venue [Docket No. 6] (hereinafter "Plaintiff's Response") at 2.

[4] Complaint [Docket No. 1] at 4.

But Title VII contains a special venue provision which establishes that venue is proper only

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.][5]

Watson's residence is this case's only meaningful connection to Mississippi: Earthbound's principal place of business is in Dallas, Texas,[6] and Watson's firing took place in Florence, Alabama.[7] Therefore, Earthbound moved[8] for dismissal on the basis of improper venue.[9] In the alternative, Earthbound asked that the case be transferred to the Northern District of Texas, where its principal place of business is located.[10]

Aside from mentioning that he once worked at one of the defendant's Mississippi stores,[11] Watson offers no rebuttal to Earthbound's argument that the Southern District of Mississippi is

---

[5] 42 U.S.C. § 2000e-5(f)(3). *See also id.* ("[I]f the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has his principal office."). Although Title VII contains a specific venue provision, the statute cross-references Section 1406 of Title 28, United States Code, and the Court therefore must consider its direction.

[6] Complaint at 2.

[7] Plaintiff's Response at 2.

[8] Motion to Dismiss for Improper Venue [Docket No. 4].

[9] *See* Fed. R. Civ. P. 12(b)(3).

[10] Defendant's Memorandum of Law in Support of Its Motion to Dismiss for Improper Venue [Docket No. 5] at 7.

[11] Plaintiff's Response at 2.

an improper venue for this case.[12] Instead, as an alternative to dismissal, Watson argues that the case should be transferred to the Northern District of Alabama, where his termination occurred.[13] Earthbound opposes that request.[14]

"[B]ut the interest of justice countenances against dismissal[.]"[15] In this case, Watson's decision to file suit in the Southern District of Mississippi appears to be, at worst, an oversight. Therefore, the Court declines to dismiss the case and finds that the interest of justice compels a transfer.[16]

That leaves only the question of where the matter should be transferred. Both of the parties' proposals are proper venues: the unlawful employment practice is alleged to have been committed in the Northern District of Alabama, and according to Earthbound, the employment

---

[12] Watson does suggest, "upon information and belief," that the plan to discriminate against him was formed while he worked at the Mississippi store. Plaintiff's Response at 3. Without any evidence to support it, that bare contention is not compelling. A plaintiff rebutting a Rule 12(b)(3) motion must offer evidence in support of his chosen venue. *Advance Dynamics Corp. v. Mitech Corp.*, 729 F. Supp. 519 (N.D. Tex. 1990).

[13] Plaintiff's Response at 2. Specifically, Watson asks that the matter be transferred to the division containing Birmingham, Alabama. That division is the Southern Division of the Northern District of Alabama.

[14] According to Earthbound, "[a]nything short of dismissal would reward the Plaintiff's transparent attempt to engage in forum shopping," which seems apparent to Earthbound by virtue of the fact that Watson filed suit near the expiration of the limitations period. Defendant's Reply Brief in Support of Its Motion to Dismiss for Improper Venue [Docket No. 7] at 2. That argument is not compelling.

[15] *Jones v. Teppco Terminaling & Marketing Co., LLC*, No. 4:11-cv-00027-CWR-FKB (S.D. Miss. Order entered Dec. 22, 2011).

[16] *Id.*, slip op. at 4 (noting that 28 U.S.C. § 1406 authorizes the transfer of a case filed in the wrong district to the district where it might have been brought).

records relevant to Watson's termination are maintained in the Northern District of Texas.[17]

Of the two, the Northern District of Alabama better serves this case's public and private interests. Transferring the case to the division where Watson's termination occurred will serve "the local interest in having localized interests decided at home."[18] That forum also will be more convenient to witnesses such as Watson's co-workers and supervisors. And although records of Watson's employment might be housed in Texas, modern technology minimizes the logistical burden of delivering them to Alabama for Earthbound's defense.[19]

Therefore, Earthbound's motion to dismiss is denied. This matter is transferred to the Southern Division of the Northern District of Alabama.

SO ORDERED this Twenty-First day of June 2012.

                                                      /s/ *Carlton W. Reeves*
                                                  Hon. Carlton W. Reeves
                                                  United States District Court Judge

---

[17] *See* 42 U.S.C. § 2000e-5(f)(3).

[18] *Jones*, *supra*, at 12.

[19] *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008).