FILED

2012 Aug-27  PM 01:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM WATSON, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. 2:12-CV-2263-SLB |
| | } | |
| EARTHBOUND HOLDING, LLC | } | |
| d/b/a EARTHBOUND TRADING | } | |
| COMPANY, | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION

This case is currently before the court on defendant Earthbound Holding, LLC's

("defendant") Motion to Transfer Venue.  (Doc. 12.)[1]  Upon consideration of the record,

the submissions of the parties, the arguments of counsel, and the relevant law, the court is

of the opinion that defendant's Motion is due to be granted.

## I. FACTS AND PROCEDURAL HISTORY

William Watson ("plaintiff"), is a resident of Mississippi.  (Doc. 1 ¶ 3.)  Defendant

is a corporation organized under the laws of Delaware with its principal office in Farmers

Branch, Dallas County, Texas.  (Doc. 13 ¶ 5.)  Plaintiff was employed by defendant as a

manager at defendant's store #342 in Florence, Alabama.  (*Id.* ¶ 6.)  Plaintiff claims

defendant terminated his employment based on race in violation of Title VII of the Civil

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each
document as it is filed in the court's record.

Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Doc. 1 ¶ 7.)

On April 27, 2012, plaintiff initiated this suit in the U.S. District Court for the Southern District of Mississippi, Jackson Division. (*See* doc. 1.)  Defendant filed a Motion to Dismiss for Improper Venue on May 22, 2012. (Doc. 4.)  The U.S. District Court for the Southern District of Mississippi found that the case was improperly filed in Mississippi, but in lieu of dismissal, the court transferred the case to the Northern District of Alabama, Southern Division. (*See* doc. 8.)  The court reasoned that rather than dismissing plaintiff's case altogether, transferring the case to the division where plaintiff's termination occurred would better serve the local interests of this forum. (Doc. 8 at 4.)  Also, the court opined that Alabama would be a more convenient forum for witnesses likely to testify on behalf of plaintiff. (*Id.*)  After the case was transferred to this court, defendant moved to transfer venue to the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1404. (Doc. 12.)

## II. LEGAL STANDARD: TRANSFER OF VENUE - 28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), venue may be transferred by the district court "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."  "The decision to transfer a case to another district is left to the sound discretion of the trial court."  *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).  However, "the burden [is] on the defendant to demonstrate why the forum should be changed."  *Johnston v.*

2

*Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994). Although the purpose of the transfer statute is convenience afforded to the parties and witnesses, the district court's power to transfer is "expressly limited . . . to those federal districts in which the action 'might have been brought.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting 28 U.S.C. §1404(a)). Therefore, the court's analysis is a "two-part inquiry": first, to determine if the case could have been brought initially in the transferee court, and second, whether the factors of convenience and interests of justice under Section 1404 favor shifting venue to the transferee court. *See A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d. 1290, 1307 (N.D. Ala. 2003).

## III. DISCUSSION

### A. Whether the Case "Might Have Been Brought" in the Northern District of Texas, Dallas Division

First the court must determine if this case could have originally been brought in the Northern District of Texas, Dallas Division where defendant proposes to transfer venue. Therefore, the court must not only verify that venue would have been proper in the Northern District of Texas, Dallas Division, but also, whether jurisdiction exists in that court.

### 1. Jurisdiction

The Northern District of Texas would have original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as a result of plaintiff's claims under Title VII of the Civil Rights Act of 1964. (*See* doc. 1.)

3

Additionally, personal jurisdiction over defendant would exist in the Northern District of Texas as defendant's principal place of business is located in Farmers Branch, Dallas County, Texas.  (Doc 13 ¶ 5.)

### 2. Venue

Venue in the Northern District of Texas, Dallas Division would have been proper if the case had initially been brought there.  The exclusive venue provision of Title VII, set forth in 42 U.S.C. § 2000e-5(f)(3), provides *inter alia* that actions under Title VII "may be brought . . . in the judicial district in which the employment records relevant to such practice are maintained and administered."  *See also Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of [42 U.S.C.] § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provisions of § 1391 are not controlling in such cases." (citation omitted)).  Defendant asserts and plaintiff does not contest[2] that plaintiff's personnel records relating to his employment and/or termination are maintained at defendant's principal office in Farmers Branch, Texas.  (Doc. 13 at 7, doc. 12-1 at 12.)  Accordingly, plaintiff could have initially filed this action in the

---

[2] Defendant's Motion is styled as "opposed" and states that counsel for plaintiff indicated via email that plaintiff opposes the Motion.  (Doc. 13 at 2.)  However, plaintiff never filed a response in opposition, despite the court's July 6, 2012 Order directing that a response in opposition, if any, should be filed "on or before July 23, 2012."  (Doc. 14 at 1.)  Where it is relevant, the court will look to plaintiff's Response to defendant's Motion to Dismiss for Improper Venue, (doc. 6), filed in the Southern District of Mississippi, which defendant attached as an exhibit to its Motion to Transfer, (doc. 12-1 at 14-17).

4

Northern District of Texas, Dallas Division.  Therefore, the first requirement for transfer
is satisfied.

### B.  Convenience of the Parties and Witnesses and the Interest of Justice

Second, the court must determine whether transfer of venue promotes, on the
whole, greater convenience of the parties and witnesses and advances the interest of
justice.  28 U.S.C. § 1404(a).  "The analysis under § 1404(a) requires a balancing of
practical considerations, which centers on convenience of the parties and witnesses, with
the interest of justice, which focuses on fairness and efficiency."  *Barnhart*, 291 F. Supp.
2d. at 1309.  The Eleventh Circuit has noted nine factors to be considered on a motion to
transfer venue:

> (1) the convenience of the witnesses; (2) the location of relevant
> documents and the relative ease of access to sources of proof;
> (3) the convenience of the parties; (4) the locus of operative
> facts; (5) the availability of process to compel the attendance of
> unwilling witnesses; (6) the relative means of the parties; (7) a
> forum's familiarity with the governing law; (8) the weight
> accorded a plaintiff's choice of forum; and (9) trial efficiency
> and the interests of justice, based on the totality of the
> circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d. 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

### 1.  Plaintiff's Choice of Forum

The court finds that plaintiff's choice of forum is due no weight in deciding the
Motion to Transfer. As discussed above, the Northern District of Alabama was not where
plaintiff first brought his case.  Initially, plaintiff chose to file suit in the Southern District

5

of Mississippi, Jackson Division.  (*See* doc. 1.)  Therefore, this factor does not figure into the court's analysis.

### 2.  Location of Relevant Documents and Access to Sources of Proof

The court now examines in which forum the relevant documents and other sources of proof are located.  Defendant maintains its principal office in Dallas County, Texas. (Doc. 13 ¶ 5.)  Defendant asserts that "[a]ll of the . . . records . . . relating to [plaintiff's] employment are physically located at [defendant's] principal place of business in Farmers Branch, Dallas County, Texas."  (Doc. 12-1 at 12.)  According to defendant, none of plaintiff's employment records are maintained in Alabama.  (*Id.*)  Plaintiff does not contest these assertions.  Although defendant claims that this factor "weighs . . . heavily in favor of . . . transfer," (doc. 13 at 9), it has been noted, that while still relevant, the location of documents carries less weight as the burden of producing evidence may be lessened where documents are stored in electronic format.  *See Dendy v. Decker Truck Line, Inc*., 2:10CV459-MHT, 2010 WL 3398987, at *3 (M.D. Ala. Aug. 26, 2010) ("[T]he fact '[t]hat access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous.' Accordingly, this factor provides some additional weight in favor of transfer." (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008))).  Thus, the court finds that the location of plaintiff's employment records weighs in favor of transfer.

### 3. The Convenience of the Parties

Next, the court addresses the relative convenience of the parties litigating this case in either Alabama or Texas.  Transfer is inappropriate where it "merely shift[s] inconvenience from the defendant[] to the plaintiff."  *Robinson v. Giarmarco & Bill, P.C.*,  74 F.3d 253, 260 (11th Cir. 1996).  Neither of the parties reside in the Northern District of Alabama.  Plaintiff is a resident of Mississippi, (doc. 1 ¶ 3), and defendant's principal office is located in Dallas County, Texas, (doc. 13 ¶ 5).  As defendant points out, regardless of whether this case is transferred, both of the parties will be inconvenienced to some extent.  (Doc. 13 at 9.)  Plaintiff's place of residence, Meridian Mississippi, is closer to this court than the proposed transferee venue in Texas.  However, based on the remaining factors discussed below, transferring this case would be more convenient overall, and not merely shift the burden from defendant to plaintiff.  That being said, this factor weighs slightly against transfer.

### 4.  The Locus of Operative Facts

Defendant contends that the operative decisions regarding plaintiff's termination occurred in Texas, and thus, weigh in favor of transfer.  (Doc. 13 at 10.)  Plaintiff was terminated for allegedly violating defendant's harassment policy while working at defendant's store in Florence, Alabama.  (Doc. 1 ¶ 7.)  However, defendant maintains that the decision to terminate plaintiff "was made by [defendant's] management officials located in Texas."  (Doc. 12-1 at 12.)  Plaintiff does not dispute this, and he further

7

speculates that the decision to terminate him was actually made while he was employed at defendant's store in Mississippi, and thus, prior to him working in Alabama.  (*Id.* at 16.) Because plaintiff alleges that he was terminated based on his race, and the key decisions regarding plaintiff's termination were allegedly made by defendant's managers in Texas, the court finds that this factor weighs in favor of transfer.  *See Dendy*, 2010 WL 3398987, at *3 (finding that the occurrence of key employment decisions in another district weighed in favor of transfer).

### 5.  Convenience and Availability of Witnesses

Next, the court addresses the overall convenience of the witnesses likely to testify in this case and to what extent this court or the transferee court may compel the attendance of any unwilling witnesses.  The court begins its analysis by noting that "[i]t is often said that 'the most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses.'" *Harper v. Am. Airlines, Inc.*, No. CV-08-S-2410-NE, 2009 WL 1605800, at *5 (N.D. Ala. May 18, 2009) (quoting *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1091 (M.D. Ala. 1996)).  In support of its Motion to Transfer, defendant specifically identifies two employees residing in Texas who conducted the investigation leading to plaintiff's termination and who made the decision to terminate plaintiff.  (Doc. 12-1 at 12.)  Defendant also identifies a district manager located in Tennessee who oversaw defendant's Florence, Alabama store.  (*Id.*)  Finally, defendant states generally that there are "many relevant

witnesses" located in the transferee district and that any unwilling witnesses would likely be within the subpoena power of the transferee court.  (Doc. 13 at 10.)  While it may be that former coworkers of plaintiff may have relevant knowledge of the facts of this case, plaintiff does not make any attempt to identify likely witnesses or state whether or not any former coworkers still reside in this district or elsewhere in Alabama.  Given that defendant's likely relevant witnesses all reside in Texas (except for the district manager), the court finds that the convenience and availability of witnesses weighs in favor of transfer.

### 6.  The Relative Means of the Parties

The court affords this factor little weight.  As defendant points out, this district is not plaintiff's original choice of forum nor his place of residence.  Further, plaintiff offers no arguments that he would be unable to litigate his case in Texas.  It may be assumed that defendant, as a company doing business in several states, has greater resources than plaintiff; however, it is not apparent that plaintiff would endure substantially greater hardship by traveling to Texas rather than Alabama to litigate this case.

### 7.  The Forum's Familiarity with the Governing Law

All of plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act. (*See* doc. 1.)  Therefore, the court grants this factor no weight as any federal district court would be familiar with the law governing such a claim.

9

**8.  Efficiency and the Interests of Justice**

Lastly, the court looks at the totality of the circumstances and weighs the efficiency and the interests of justice in litigating this case in either Alabama or Texas. As an initial matter, the court notes that there is little if any connection between Alabama and plaintiff's case aside from the fact that defendant terminated plaintiff's employment while he was working at a store in Alabama.  Also, neither party is located in this state. The majority of defendant's likely witnesses reside in Texas, including the two employees identified as making the decision to terminate plaintiff.  (Doc. 12-1 at 12.)  Plaintiff has failed to apprise the court of the existence of any witnesses, including any potential witnesses residing in Alabama.[3]  Although plaintiff would travel a shorter distance to litigate in this court, nothing in the record indicates he would endure substantially more hardship by traveling to Texas.  Finally, nothing in the record indicates that litigating this case in Texas would be any more or less efficient than in Alabama.

## IV. CONCLUSION

Based on the foregoing, defendant's Motion to Transfer is due to be granted.  This case will be transferred to the Northern District of Texas, Dallas Division as directed in the court's Order entered contemporaneously with this Opinion.

---

[3] During oral argument on defendant's Motion to Transfer, counsel for plaintiff identified two potential witnesses but was unable to state whether these individuals still reside in Alabama or the relevance of their testimony to plaintiff's claims.

**DONE**, this 27th day of August, 2012.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE